IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KARISHMA CHANDNI PARTNERSHIP**
**d/b/a MOTEL 6 MORIARTY,**

    Plaintiff,

vs.                                                                         Civ. No. 25-532 SMD/SCY

**AMGUARD INSURANCE COMPANY,**

    Defendant.

## ORDER TO SUPPLEMENT MOTION TO WITHDRAW AS COUNSEL

    Plaintiff's counsel moves to withdraw from representing their client in this matter. Doc. 17. The motion states that "Good cause exists for withdrawal, but due to the nature of the circumstances, Movants cannot disclose the specific reasons for withdrawal without potentially violating the attorney-client privilege." *Id.* at 1. The motion further states that the "client has been previously notified by email advising of the firm's intent to withdraw with no response." *Id.* at 2. The motion anticipates a notice period of 14 days for the client to object. *Id.*

    This District's Local Rules provide that when a motion to withdraw is contested, "[t]he attorney must file and serve on all parties, including the client, a motion to withdraw." D.N.M. L.R.-Civ. 83.8(b). The attorney must also "give notice in the motion that objections must be served and filed within fourteen (14) days from date of service of the motion and that failure to object within this time constitutes consent to grant the motion." *Id.* However, the client at issue here is an entity. Therefore, it cannot represent itself in federal court and cannot file objections except through counsel. D.N.M.LR-Civ. 83.7; *see also Harrison v. Wahatoyas, LLC*, 253 F.3d 552 (10th Cir. 2001) ("[A] corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."). As such, "[a]

motion to withdraw from representation of a corporation, partnership or business entity other than a natural person must include a notice that the corporation, partnership or business entity other than a natural person can appear only with an attorney." D.N.M. L.R.-Civ. 83.8(c).

The motion fails to provide such a notice or indicate that the client has otherwise been so notified. Indeed, the only attempt at communication set forth in the motion is the sending of one email. It does not provide information as to other efforts counsel may have made to contact their client or explain why other efforts have been, or would be, ineffective. Further, the motion fails to provide Plaintiff's contact information. *See* D.N.M. LR-Civ. 83.8(a) (motion to withdraw motion must include client's address and phone number). Finally, the motion does not recite Defendant's position.

Therefore, the Court orders counsel to supplement the motion with the following information within 14 days of the date of this Order:

1. Certification that counsel informed their client that it can only appear in federal court with an attorney;

2. An explanation of the attempt(s) counsel made to obtain their clients' position on the motion;

3. Contact information for the Plaintiff; and

4. Defendant's position on the motion.

Failure to file a supplement with this information will result in denial of the motion to withdraw. If counsel wishes to provide information to the Court that is privileged, counsel may file the supplement under seal and ex parte, for Court viewing only.

**SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

2