IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KARISHMA CHANDNI PARTNERSHIP**
**d/b/a MOTEL 6 MORIARTY,**

    **Plaintiff,**

vs.                                                                                               Civ. No. 25-532 SMD/SCY

**AMGUARD INSURANCE COMPANY,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The Court granted Plaintiff's counsel motion to withdraw from representing their client in this matter. Doc. 20. The Court also advised that because the Court granted defense counsel's motion to withdraw, Plaintiff must retain new counsel, or any filings made by the LLC may be stricken and default judgment or other sanctions may be imposed. *See* D.N.M. L.R.-Civ. 83.8(c); *see also Harrison v. Wahatoyas, LLC*, 253 F.3d 552 (10th Cir. 2001) ("[A] corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.").

The Court ordered that Plaintiff had 14 days from the date of its Order to obtain counsel. Doc. 20 at 2. The Court warned that "If nothing is filed on the docket in that time, the Court will recommend dismissal of this case without prejudice." *Id.* Nothing was filed on the docket in that time frame. It appears that Plaintiff has not obtained substitute counsel.

## ANALYSIS

Under Federal Rules of Civil Procedure 16, the court "may issue any just orders" if a party "fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). Such "just order" may include

dismissing an action. Fed. R. Civ. P. 16(f)(1) (citing Fed. R. Civ. P. 37(b)(2)(A)(v)). Likewise, Rule 41(b) allows the court to dismiss an action if the plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b); *see also Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) ("The Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failing to appear at a pretrial or scheduling conference, and for failing to comply with court rules or any order of the court." (internal citations omitted)). Given Plaintiff's failure to obtain counsel, I recommend dismissing this case without prejudice.

"Employing Rule 41(b) to dismiss a case without prejudice . . . allows the plaintiff another go at [compliance]; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures," such as an evaluation of the *Ehrenhaus* factors. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007); *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) ("[A] district court need not follow any particular procedures when dismissing an action without prejudice under Rule 41(b)." (internal quotation marks and citation omitted)).

## RECOMMENDATION

For these reasons, I recommend dismissing this case without prejudice. The Clerk of Court shall mail a copy of this Proposed Finding and Recommended Disposition to:

Karishma Chandi Partnership d/b/a Motel 6 Moriarty
1901 U.S Rt. 66
Moriarty, NM 87507

_____
UNITED STATES MAGISTRATE JUDGE

3

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**